IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN MOSS, #1457658, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-2358-D-BK |
| | § | |
| WILLIAMS STEPHENS, Director | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* motion seeking relief from judgment under FED. R. CIV. P. 60(b), which the United State District Court for the Eastern District of Texas construed as a habeas corpus petition under 28 U.S.C. § 2254 and transferred to this Court. [Doc. 1, Doc. 2]. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 2006, Petitioner was convicted of sexual assault of a child and, with the enhancement of two prior felony convictions, was sentenced to life imprisonment. *State of Texas v. Moss*, No. F06-61826 (203rd Criminal Dist. Ct., Dallas County, Tex.,2006), *aff'd*, No. 05-07-01107-CR, 2008 WL 2808934 (Tex. App.–Dallas, July 22, 2008, pet. ref'd). Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Moss*, WR-31,051-02 (Tex. Crim. App. January 19, 2011) (denying state habeas relief); *Moss v. Thaler,* No. 3:11-CV-0411-M-BH, 2011 WL 6337779 (N.D. Tex. Nov. 17, 2011), recommendation accepted, 2011 WL 6367425 (N.D. Tex. Dec. 19, 2011) (denying habeas relief), *certificate of appealability*

*denied*, No. 12-10181 (5th Cir. 2012), *affirming denial of* Rule 60(b)(6) *mot.*, No. 13-11059 (5th Cir. 2014).

In this action, Petitioner again seeks to challenge his 2006 conviction. Relying on the 2012 Supreme Court's opinions in *Laffler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), he asserts his counsel provided improper advice regarding the state's plea offer. [Doc. 1 at 3-4]. Petitioner also claims actual innocence, challenging the improper admission of DNA evidence and defense counsel's failure to object. [Doc. 1 at 6].[1]

## II. ANALYSIS

Because Petitioner's Rule 60(b) motion asserts new grounds for relief, it is the equivalent of a second or successive application. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-532 (2005) (holding that a Rule 60(b) motion raising substantive claims challenging a state court conviction should be construed as a successive application, and specifying that a Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits").

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.

---

[1] For the sake of judicial economy, the Court does not issue a deficiency order requiring the $5 filing fee or an *in forma pauperis* motion.

*See* [28 U.S.C. § 2244(b)(2)](). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* [28 U.S.C. § 2244(b)(3)(A) and (B)](). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. [*United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)]() (*per curiam*) (section 2255 motion); *see also* [*Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003)]() ([section 2254]() habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his [Rule 60(b)]() motion, construed as a [section 2254]() petition, should be transferred to the United States Court of Appeals for the Fifth Circuit. *See* [*Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002)](); [*In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)]().

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the [Rule 60(b)]() motion, construed as a successive habeas petition, be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* [28 U.S.C. § 2244(b)(3)]().

SIGNED July 8, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE